UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.

**HUBERT SIMPSON, individually,
and on behalf of all others similarly
situated,**

      **Plaintiff,**

v.

**CAROTHERS HOLDING COMPANY, LLC,
STONEMOR GP, LLC, STONEMOR NORTH
CAROLINA, LLC, STONEMOR NORTH CAROLINA
FUNERAL SERVICES, INC., STONEMOR NORTH
CAROLINA SUBSIDIARY, LLC, and STONEMOR
PARTNERS, LP,**

      **Defendants.**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant CAROTHERS HOLDING COMPANY, LLC ("Carothers") hereby removes Case No. 23-CVS-4982, styled *Hubert Simpson, on behalf of himself and all other persons similarly situated, v. Carothers Holding Company, LLC, et. al*, from the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina (the "State Court") pursuant to 28 U.S.C. §§ 113(c), 1332, 1441, 1446, and 1453.[1] In support of this this Notice of Removal, Carothers sets forth the following:

1. This Court has original subject matter jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. § 1332(d) because this case involves a putative class action; the matter in controversy,

---

[1] By filing this Notice of Removal, Carothers expressly reserves and does not waive any potential defenses to the claims at issue or the enforcement any arbitration agreement(s) in any of the contracts at issue in this case.

in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interests and costs; at least one member of the class of putative plaintiffs is a citizen of a State different from at least one Defendant; and the number of all proposed plaintiff class members in the aggregate is greater than 100.

2. On March 17, 2023, Plaintiff commenced this civil action by filing a Complaint entitled *Hubert Simpson, on behalf of himself and all other persons similarly situated, v. Carothers Holding Company, LLC, et al.*, Case No. 23-CVS-4982, in the State Court (the "State Court Action"), and the Summonses was issued on March 17, 2023. True and accurate copies of the Complaint and the Summonses are attached hereto as Exhibit A and Exhibit B, respectively, and are incorporated herein by reference.

3. The State Court Action is pending in Mecklenburg County, which is designated as part of the judicial district of the Western District of North Carolina, and within the Charlotte Division. Thus, removal to this Honorable Court is authorized. 28 U.S.C. §§ 113(c), 1441, 1446, 1453.

4. Plaintiff alleges he is an individual and resident of North Carolina. Ex. A, Compl. ¶ 20.

5. Co-Defendant StoneMor Partners L.P. ("StoneMor Partners") is a foreign limited partnership organized under the laws of Delaware, with its principal place of business in Pennsylvania. A true and accurate copy of StoneMor Partners' Application for Registration as a Foreign Limited Partnership, filed with the North Carolina Department of the Secretary of State, is attached hereto as Exhibit C. StoneMor Partners, an "unincorporated association" under 28 U.S.C. § 1332(d)(10), is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332(d) minimum diversity of citizenship. *See, Ferrell v. Advance America, Cash Advance*

2

*Centers of South Carolina, Inc,* C.A. No. 3:08-3996-MJP, 2009 WL 10710989, *3 (D.S.C. May 27, 2009) (partnership deemed an "unincorporated association").

6. Co-Defendant StoneMor GP LLC ("StoneMor GP") is a Delaware limited liability company with its principal place of business in Pennsylvania. A true and accurate copy of StoneMor GP's Limited Liability Company Annual Report, filed with the North Carolina Department of the Secretary of State, is attached hereto as <u>Exhibit D</u>. StoneMor GP, an "unincorporated association" under 28 U.S.C. § 1332(d)(10), is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. § 1332(d) minimum diversity of citizenship. *See Ferrell v. Express Check Advance of SC, LLC,* 591 F.3d 698, 704 (4th Cir. 2010) (limited liability company is an "unincorporated association" for purposes of 28 U.S.C. § 1332(d)(10)).

7. In the State Court Action, Plaintiff purports to bring his claims on behalf of:

   a. All persons who purchased interment rights or services at York Memorial Cemetery from January 1, 1969, to present; and/or

   b. All persons who entered into Agreements authorizing their family members or other relations to be interred at York Memorial Cemetery from January 1, 1969, to present; and/or

   c. The authorized representative(s) of deceased persons who would have otherwise been a member of those persons set forth in (a) or (b) above.

Ex. A, Compl. ¶ 10.

8. Plaintiff alleges that York Cemetery has been "associated with the burial of more than 28,000 persons," and that "upon information and belief, Defendant, York Memorial Cemetery, has sold more than 40,000 burial plots." *Id.* ¶¶ 6, 19. Thus, the purported class is larger than one hundred (100) members.

9. Plaintiff asserts nine (9) separate causes of action for: (1) unfair and deceptive trade practices; (2) breach of contract; (3) negligence; (4) negligent infliction of emotional distress; (5) trespass to real property; (6) breach of third party beneficiary to contract; (7) intentional and reckless infliction of emotional distress; (8) Racketeer Influence and Corrupt Organizations Act (N.C.G.S. Chapter 75-D1); and (9) specific performance. Ex. A, Compl. ¶¶ 80-144.

10. In Counts I-VII, Plaintiff alleges that Plaintiff and the purported class have suffered actual, special and punitive damages in excess of $25,000. Ex. A, Compl. ¶¶ 88, 95, 100, 105, 110, 118, 125. Plaintiff further seeks "treble damages" under Count I of his Complaint (Ex. A, Compl. p. 29), and further seeks "specific performance" in Count X[sic]. (Compl. Count "X").

11. On March 17, 2023, Plaintiff's counsel also filed a complaint styled *Natalia Little et al. v. Carothers Holding Co., LLC et al.,* Case No. 23-CVS-4924 (the "Little Case") in the same State Court asserting the same causes of action on behalf of five (5) individual Plaintiffs against these same Defendants. A true and accurate copy of the complaint in the Little Case is attached hereto as Exhibit E. In the Little Case, the Plaintiffs collectively seek "actual, special and punitive damages, in excess of $25,000" for Counts I-VII. Ex. E ¶¶ 88, 94, 99, 104, 109, 117, 124.

12. Based on those claims, each of the five (5) individual plaintiffs in the Little Case—similarly situated to the putative class plaintiffs—plausibly seeks at least $5,000 or more. *See Campbell v. Restaurants First/Neighborhood Restaurant, Inc.,* 303 F.Supp.2d 797, 798 (S.D. W.Va. 2004) (amounts demanded or awarded in other cases for the same or similar injuries can be used to show amount in controversy). Using Plaintiff's allegations of 28,000 burials, or 40,000 burial plots sold, the aggregate amount in controversy for these claims is well in excess of $5,000,000.

13. In addition, prior to filing these lawsuits, Plaintiff's counsel made pre-suit demands for both the individual claims and the class action claims. Exhibit F, Declaration of Anthony T. Lathrop ("Lathrop Decl.") ¶ 4. Plaintiff's counsel demanded $9.5 million dollars for each individual to resolve their claims and demanded $200 million to resolve the class action claims at issue. Ex. F, Lathrop Decl. ¶¶ 5-6. Courts have repeatedly held that pre-suit demands—such as those Plaintiffs have made here—can be used to determine the amount in controversy. *See, Campbell,* 303 F.Supp.2d at 799 (pre-suit demand letter can be considered when determining the amount in controversy); *Ford-Fisher v. Stone,* Civil Action No. 2:06cv575. 2007 WL 190153, *3 (E.D. Va. Jan. 22, 2007) (pre-suit demand was "indicative" that the amount in controversy was met); *Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir. 2012) (plaintiff's "initial estimates of settlement demands" can be used to show amount in controversy).

14. Therefore, Plaintiff's claims, in the aggregate, plausibly place the amount in controversy at well over $5,000,000, based on a review of the Complaint and record as a whole.

15. This case could have originally been brought by Plaintiff in federal court. Any civil action filed in state court may be removed to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441.

16. Counsel for Carothers first received a copy of the State Court Action on March 17, 2023. Ex. F, Lathrop Decl. ¶ 9. Carothers was served in the State Court Action on March 27, 2023. Ex. F, Lathrop Decl. ¶ 10. Carothers filed its Notice of Removal on April 14, 2023, which is timely pursuant to 28 U.S.C. § 1446(b).

17. Pursuant to 28 U.S.C. § 1446(a), Carothers attaches hereto copies of the Complaint (Exhibit A), the Summonses (Exhibit B), which constitute all process, pleadings, orders, and other papers that have been served upon Carothers in the State Court Action.

18.     Pursuant to 28 U.S.C. § 1446(d), counsel for Defendant is filing a written notice of this removal (attached hereto as <u>Exhibit G</u>) and attaching thereto a true and accurate copy of this Notice of Removal with the Clerk of the State Court, and giving notice of the same to all adverse parties.

WHEREFORE, Defendant Carothers Holding, LLC, respectfully files this Notice of Removal of the State Court action to the United States District Court in and for the Western District of North Carolina, Charlotte Division, from the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina, where the action is now pending, and requests that the above entitled and captioned action be removed from the State Court to this Honorable Court, and any other relief the Court deems just and proper. Carothers expressly reserves all rights, relief, remedies, counterclaims, and defenses.

Dated: April 14, 2023.

Respectfully Submitted,

/s/ William M. Butler
Anthony T. Lathrop
N.C. Bar No. 15941
William M. Butler
N.C. Bar No. 49116
**MOORE & VAN ALLEN PLLC**
100 North Tryon Street, Floor 47
Charlotte, NC 28202-4003
Telephone:    (704) 331-2455
Facsimile:     (704) 339-5964
Email: tonylathrop@mvalaw.com
         billbutler@mvalaw.com

and

WEINBERG WHEELER
HUDGINS GUNN & DIAL, LLC

/s/ Alexander Heydemann

Nicholas P. Panayotopoulos
Georgia Bar No. 560679
(Pro Hac Vice to be filed).
Alexander Heydemann
Florida Bar No. 0111544
(Pro Hac Vice to be filed)
Jennifer Adler
Georgia Bar No. 585635
(Pro Hac Vice to be filed)
3344 Peachtree Rd.
Suite #2400
Atlanta, GA 30326
T. 404-591-9662
F. 404-875-9433
aheydemann@wwhgd.com
jadler@wwhgd.com
dthompson@wwhgd.com

***ATTORNEYS FOR DEFENDANT CAROTHERS HOLDING COMPANY, LLC***

7

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system. I further certify that on this day the foregoing **NOTICE OF REMOVAL** was sent via U.S. Mail, postage prepaid, and addressed as follows to the parties as follows:

| | |
|---|---|
| Pamela A. Hunter<br>715 East 5th Street, Suite 106<br>Charlotte, North Carolina 28202<br>704-376-7709 | StoneMor GP LLC<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370<br><br>*Defendant* |
| N. Clifton Cannon, Jr.<br>355 South New Hope Road, Suite B<br>Post Office Box 551154<br>Gastonia, North Carolina 28055 | StoneMor North Carolina LLC<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370<br><br>*Defendant* |
| Kimberly Best<br>Post Office Box 37154<br>Charlotte, North Carolina 28237<br><br>*Counsel for Plaintiff* | Stonemor North Carolina Funeral Services, Inc.<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370<br><br>*Defendant* |
| | StoneMor North Carolina Subsidiary LLC<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370<br><br>*Defendant* |
| | StoneMor Partners L.P.<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370<br><br>*Defendant* |

This the 14th day of April, 2023.

/s/ William M. Butler
William M. Butler