UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 23-cv-00217

| | |
|---|---|
| HUBERT SIMPSON, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CAROTHERS HOLDING COMPANY, LLC, *et al.*, <br><br> Defendants. | STONEMOR DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS |

Defendants StoneMor, Inc.[1], StoneMor North Carolina, LLC, StoneMor North Carolina Funeral Services, Inc., StoneMor North Carolina Subsidiary, LLC, and StoneMor Partners, LP (collectively, the "StoneMor Defendants") hereby file their Motion to Dismiss Plaintiff's Complaint and Motion to Strike or Dismiss Class Allegations and, as set forth in its Memorandum of Law in support thereof, move to dismiss Plaintiff's Complaint, with prejudice, and to strike or dismiss Plaintiff's class allegations, with prejudice, on the following grounds:

1. Plaintiff's Complaint fails to meet the pleading standard set forth in Rule 8(a)(2) by failing to include plausible facts that, if later proved, could entitle Plaintiff to relief. Plaintiff's Complaint otherwise fails to state any claim under Rule 12(b)(6) by failing to include specific factual allegations that could entitle him to relief. The only allegations in the Complaint that are relevant to Plaintiff are insufficient to establish that Plaintiff is entitled to relief.

---

[1] Plaintiffs improperly named Defendant StoneMor, Inc. as StoneMor GP, LLC. StoneMor, Inc. was formerly known as StoneMor GP, LLC.

1

2. Plaintiff fails to allege facts sufficient to support a claim under North Carolina's Unfair and Deceptive Trade Practices Act. Plaintiff's claim under Count I should therefore be dismissed under Rules 12(b)(6). Plaintiff's claims should also be dismissed under Rule 9(b) because Plaintiff fails to satisfy Rule 9(b)'s heightened pleading requirements for claims premised on fraud and/or misrepresentations.

3. Plaintiff fails to allege any specific facts to support his claims for breach of contract, negligence, negligent infliction of emotional distress, trespass, intentional infliction of emotional distress, breach of third-party beneficiary contract, RICO, or specific performance that would entitle Plaintiff to relief. Plaintiff fails to, among other things, identify the specific contractual agreements at issue, their respective terms, or how such terms were allegedly breached. Plaintiff further fails to sufficiently identify any particular basis for his contention that he is the third-party beneficiary to any such contracts. Further, plaintiff fails to allege any particular mental health condition necessary to assert a valid claim for negligent or intentional infliction of emotional distress. Accordingly, Plaintiff's claims under Counts II, III, IV, V, VI, VII, VIII, and X [sic] should be dismissed under Rule 12(b)(6).

4. Plaintiff's claim for specific performance also fails because specific performance is an equitable remedy, not a cause of action. In addition, because Plaintiff's claims for breach of contract and breach of third-party contract fail to state a claim for relief, Plaintiff's claim for specific performance likewise necessarily fails as there is nothing to enforce. Plaintiff's claim under Count X [sic] should therefore be dismissed.

5. Plaintiff's claims cannot meet the prerequisites under Rule 23, including commonality, typicality, adequacy, and numerosity to state a claim for class relief. Because

Plaintiff fails to satisfy the standard established by Rule 23, his putative class action claims should be dismissed or stricken with prejudice without leave to amend.

6. By filing this Motion, the StoneMor Defendants expressly reserve and do not waive any potential defenses under any applicable arbitration agreements, waivers, or limitations of liability that may apply in any applicable contracts at issue in the putative class Complaint, which given its generic and overbroad pleading as set forth in this Motion, fails to adequately allege which specific contracts are at issue.

For the reasons set forth and incorporated herein, the StoneMor Defendants respectfully request that this Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint and all class allegations in their entirety, with prejudice, and such further relief this Court deems just and proper.

Respectfully submitted, this 5th day of May, 2023.

PARKER POE ADAMS & BERNSTEIN LLP

*/s/Brian S. Cromwell*
Brian S. Cromwell
N.C. State Bar No. 23488
Christopher Henry
N.C. State Bar No. 55995
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: 704.335.9511
Facsimile: 704.334.4706
briancromwell@parkerpoe.com

ARNALL GOLDEN GREGORY LLP

*/s/ Henry M. Perlowski*
Henry M. Perlowski
Georgia Bar No. 572393
(Pro Hac Vice to be filed)
Chesley S. McLeod
Georgia Bar No. 627503
(Pro Hac Vice to be filed)
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031

Telephone: 404.873.8500
Facsimile: 404.873.8501
henry.perlowski@agg.com
chesley.mcleod@agg.com

***ATTORNEYS FOR THE STONEMOR DEFENDANTS***

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS** with the Clerk of Court using the CM/ECF system. I further certify that on this day the foregoing **MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS** was sent via ECF Electronic Notice to Plaintiff's counsel as follows:

Pamela A. Hunter
715 East 5th Street, Suite 106
Charlotte, North Carolina 28202

N. Clifton Cannon, Jr.
355 South New Hope Road, Suite B
Post Office Box 551154
Gastonia, North Carolina 28055

Kimberly Best
Post Office Box 37154
Charlotte, North Carolina 28237

*Counsel for Plaintiff*

Anthony T. Lathrop
William M. Butler
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28202-4003

Nicholas P. Panayotopoulos
Alexander Heydemann
Jennifer Adler
WEINBERG WHEELER
HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, Suite #2400
Atlanta, GA 30326

*Counsel for Defendant Carothers Holding Company, LLC*

This 5th day of May, 2023

/s/ Brian S. Cromwell