UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 23-cv-00217

| | |
|---|---|
| HUBERT SIMPSON, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CAROTHERS HOLDING COMPANY, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OF LAW IN SUPPORT OF STONEMOR DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS

## INTRODUCTION

Plaintiff brings this putative class action seeking to represent untold and wholly unspecified individuals for alleged conduct relating to gravesites that purportedly occurred at York Memorial Cemetery ("York") from 1969 to present. While Plaintiff generally alleges, *e.g.*, the desecration of gravesites, unauthorized exploratory digs, improper placement of grave markers and headstones, failure to bury decedents in correct burial plots consistent with alleged contractual requirements, double-selling gravesites, improper record keeping, and failing to notify the putative class members of these various alleged acts, Plaintiff wholly fails to allege any acts or omissions specific to him or any of his deceased relatives who allegedly are interred at York. Indeed, despite contending that he has a "multiplicity of family members" buried at York, Plaintiff fails to allege any harms specific to even a single one of his deceased relatives or when any such harms allegedly occurred. The Complaint fails to identify any of Plaintiff's deceased relatives, when any such relatives (much less Plaintiff himself) purportedly entered into contractual agreements for burial or other services, which of the six named Defendants is a party to such alleged agreements, the

1

terms of such agreements, which terms of which agreement(s) were allegedly breached, when and how such breaches allegedly occurred, and what, if any, harms generally alleged in the Complaint actually befell Plaintiff's deceased relatives. In effect, Plaintiff's factual recitation in his 30-page, verified Complaint is bereft of any detail whatsoever and amounts to nothing more than an improper shotgun pleading and an airing of general grievances at York with vague references to allegations attributed to "former employees" and their purported concealment efforts relative to the putative class. (*See, e.g.*, Compl. [Dkt. No. 1-1] ¶¶ 28–32.)

The Complaint's deficiencies do not stop there. Plaintiff also provides no basis to establish that he has standing to bring any of the claims asserted, including whether he is a proper party to bring claims on behalf of his unidentified deceased relatives. Additionally, Plaintiff indiscriminately casts his wide-ranging allegations against all six Defendants, making no effort to identify what specific acts or omissions each Defendant is purportedly responsible for, what role each Defendant took relative to the causes of action asserted, which allegations pertain to each Defendant, or the Defendants' relationship(s) to one another, Plaintiff, and/or Plaintiff's deceased relatives. These failures not only fall short of the requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure, but also make clear that the Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6).

In this regard, similar claims brought by Plaintiff's counsel relating to the same kinds of alleged abuses at York have been summarily rejected. *See generally Birtha v. StoneMor, North Carolina, LLC*, 220 N.C. App. 286 (2012) (affirming Rule 12 dismissal of all claims, including claims for common law negligence, negligence per se, fraud, unfair and deceptive trade practices, and breach of contract) and *Hardin v. York Mem'l Park*, 221 N.C. App. 317 (2012) (affirming Rule 12 dismissal of plaintiffs' claims for negligence, intentional and negligent infliction of emotional

distress, unfair and deceptive trade practices, and fraud-based claims, and allowing only limited breach of contract claims to proceed where plaintiffs specifically pled the identity of an individual burial plot purchased for plaintiffs' express benefit that was allegedly resold to another). The current Complaint suffers from the same and more deficiencies as the operative pleadings in the *Birtha* and *Hardin* actions and should likewise be dismissed.

In sum, the Complaint is a classic shotgun pleading devoid of any factual allegations that would entitle Plaintiff to relief against any of the Defendants, including the StoneMor Defendants.[1] In addition to the reasons outlined here, the StoneMor Defendants expressly join and incorporate the arguments set forth in Defendant Carothers Holding Company, LLC's Motion to Dismiss the Complaint and Motion to Strike or Dismiss Class Allegations [Dkt. No. 11] and Sections A through I, and K of the Memorandum of Law filed in support thereof [Dkt. No. 11-1] (hereinafter, the "Carothers' Memo of Law"). The arguments asserted and authorities referenced therein by Defendant Carothers Holding Company, LLC ("Carothers") apply equally to the StoneMor Defendants. For the reasons set forth and incorporated herein, the Complaint and all putative class claims should be dismissed against the StoneMor Defendants with prejudice.

## ARGUMENT

**A.     Plaintiff's Complaint Is an Improper Shotgun Pleading that Fails to Demonstrate Any Plausible Entitlement to Relief.**

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to include within their complaints "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Courts have construed this Rule to require plaintiffs to plead plausible facts

---

[1] As set forth in the accompanying Motion, the StoneMor Defendants are StoneMor, Inc. (f/k/a StoneMor GP, LLC, StoneMor North Carolina, LLC, StoneMor North Carolina Funeral Services, Inc., StoneMor North Carolina Subsidiary, LLC, and StoneMor Partners, L.P.

3

that, if later proved, could entitled the plaintiff to the relief sought. *See, e.g.*, *Narbona v. Micron Precision LLC*, No. 3:14-cv-00060-MOC-DSC, 2014 WL 1875038, at *1 (W.D.N.C. May 9, 2014), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Similarly, pursuant to Rule 12(b)(6), a plaintiff's complaint is subject to dismissal where it fails to contain sufficient factual matter to state a claim to relief that is plausible on its face. *Boston v. I.C. Sys., Inc.*, No. 3:21-cv-00464-FDW-DSC, 2021 WL 5406882, at *2 (W.D.N.C. Nov. 18, 2021) (noting that courts need not accept as true unwarranted inferences, unreasonable conclusions, or arguments; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Williams v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:20-CV-00242-RJC-DSC, 2020 WL 12918274, at *3 (W.D.N.C. Aug. 19, 2020) (dismissing named representative's claims in a putative class action; "[w]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief, and therefore should be dismissed" (internal quotations omitted)).

Here, the Complaint is devoid of any specific factual allegations that would plausibly entitle Plaintiff to relief under any of the various causes of action asserted (or unasserted). Indeed, Plaintiff fails to identify any alleged wrongdoing or harm allegedly suffered by him or any of his decedents. Instead, the totality of the allegations specific to Plaintiff and his unidentified decedents purportedly buried at York are limited to the following:

(i)     Plaintiff "is the heir at law and intended beneficiary of specific family members buried at Defendant, York Cemetery[,]" which include his "mother, aunts, uncles, cousins, and great aunts and uncles" [Dkt. No. 1-1 (Compl., ¶¶ 2, 21, and 23)];

(ii) "[e]ach of the Plaintiff's decedents entered into a contract with the Defendants for the purpose of establishing the final burial site of the individual decedents of the Plaintiff, so as to insure the permanent legacy and history of their respective families" (*id.*, ¶ 3);

(iii) "[t]he contracts between the decedents of the Plaintiff and Defendants, [sic] are valid and enforceable" (*id.*, ¶ 4);

(iv) "the contracts entered into between the decedents of the Plaintiff and York Cemetery were for the direct and intentional benefit of the Plaintiff, to specifically establish a final resting place to guarantee and assure the family legacy of the Plaintiff and his family" (*id.*, ¶ 5);

(v) "[t]hroughout the burial of all of Plaintiff's family members, Defendants, jointly and severally, represented that each member of the family would be treated with dignity, respect and the utmost care and most importantly, that the sanctity of their burial plots would be protected" (*id.*, ¶ 22);

(vi) "[a]t no times during the burial arrangements or the contractual process did the Defendants ever disclose to any member of the Plaintiff's family that there was substantial risk that the final wishes regarding the burial sites of the Plaintiff's family members would not be followed" (*id.*, ¶ 24);

(vii) "[n]one of the members of the Plaintiff's family would have ever purchased property, [sic] as burial plots had the facts and circumstances as set forth in this Complaint been disclosed" (*id.*, ¶ 25); and

(viii) "[t]he Plaintiff does not want his mother and other family members to remain buried at York Cemetery unless appropriate measures are taken to prevent the Defendants from continuing the wrongful acts which exist at Defendant Cemetery." (*Id.*, ¶ 26).

These allegations, even if accepted as true for purposes of the present Motion, are insufficient to establish that Plaintiff is entitled to any of the relief requested in the Complaint. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. *Boston*, 2021 WL 5406882, at *2.

> 1. **Count I—the Complaint Fails to Allege Facts Sufficient to Support a Claim Under North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA).**

To state a proper claim for unfair and/or deceptive trade practices, a plaintiff must show that (i) the defendant committed an unfair or deceptive act or practice, or an unfair method of competition; (ii) in or affecting commerce; (iii) which proximately caused actual injury to the plaintiff. N.C. Gen. Stat. § 75-1.1(a); *see also Birtha*, 220 N.C. App. at 298 (granting Rule 12(b)(6) motion to dismiss plaintiffs' UDTPA claims on multiple grounds relating to alleged improper burial practices, including that the plaintiffs failed to allege substantial aggravating circumstances to recover under UDTPA); *Hardin*, 221 N.C. App. at 328–29 (similarly dismissing plaintiffs' UDTPA claims). Moreover, where a UDTPA claim is based on alleged misrepresentations, a plaintiff must plausibly allege, consistent with the requirements of Rule 9(b), reliance on the misrepresentation to establish the necessary proximate cause between the misrepresentation and the plaintiff's actual injury. *Sasso v. Tesla, Inc.*, 584 F. Supp. 3d 60, 79 (E.D.N.C. 2022) ("Rule 9(b) applies to unfair and deceptive trade practices claims based on alleged misrepresentations"); *Cross v. Ciox Health, LLC*, 438 F. Supp. 3d 572, 584 (E.D.N.C. 2020) (dismissing UDTPA claim and noting that "[t]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." (internal quotations omitted)).

Here, while Plaintiff generally alleges a host of "affirmative promises" purportedly made to putative class members and the general public, Plaintiff fails to allege the following: what

6
Case 3:23-cv-00217-KDB-SCR    Document 17    Filed 05/05/23    Page 6 of 18

affirmative promises were false or deceptive; what specific promises were made to Plaintiff (or any of his deceased relatives); how such affirmative promises were intended to or did deceive Plaintiff (or anyone else), including what action or inaction Plaintiff (or any of his deceased relatives) took in reliance on the purported false or deceptive statements; how any such affirmative promises related to the alleged contract language at issue; what alleged injuries allegedly resulted from any alleged false or deceptive statements; and/or how such deception proximately caused any (unidentified) injuries. [Dkt. No. 1-1 (Compl., ¶¶ 80–88).] In effect, Plaintiff alleges nothing more than "bad things happened" at York from 1969 to the present. Accordingly, Plaintiff's UDTPA claim (Count I) should be dismissed. *Sasso*, 584 F. Supp. 3d at 80 (dismissing plaintiff's UDTPA claim pursuant to Rule 9(b) where plaintiff failed to "plausibly allege when these misrepresentations took place, who made them, or the particularities of the misrepresentations' contents.").

### 2. Count II—Plaintiff's Breach of Contract Claim Fails for Multiple Reasons, Including that Plaintiff Was Not a Party to any Contract with Defendants.

Plaintiff's claim for breach of contract (Count II) fails for numerous, independent reasons. As an initial matter, Plaintiff does not allege that he is an actual party (either as an initial signatory or by virtue of assignment) to any contractual agreement with any of the Defendants and therefore lacks standing to pursue a claim for breach of contract. *Bodnar v. Jackson*, No. 1:14-CV-120, 2014 WL 5426392, at *2 (W.D.N.C. Oct. 23, 2014) (holding that an individual or entity who is neither a party nor a third-party beneficiary to the contract at issue has no standing to enforce its terms or otherwise recover thereunder).[2] Indeed, the Complaint alleges that Plaintiff's decedents, not

---

[2] Plaintiff appears to base Count II on allegations that putative class members "individually or as third party beneficiaries have a valid contractual relationship with Defendants." [Dkt. No. 1-1 (Compl. ¶ 91).] However, because Plaintiff separately pleads a cause of action for breach of contract based on third-party beneficiary status in Count VI, the StoneMor Defendants arguments

Plaintiff himself, entered into contractual agreements with "the Defendants." [Dkt. No. 1-1 (Compl., ¶ 3 "Each of the Plaintiff's decedents entered into a contract with the Defendants for the purpose of establishing the final burial site of the individual decedents of the Plaintiff…."; *id.*, ¶ 4 "[t]he contracts between the decedents of the Plaintiff and Defendants, [sic] are valid and enforceable; *id.*, ¶ 25 "[n]one of the members of the Plaintiff's family would have ever purchased property, as burial plots ….").]

Additionally, Plaintiff fails to allege the identity of the specific Defendant or Defendants who purportedly entered into any contractual agreements with one or more of his decedent family members.[3] Plaintiff also fails to identify the specific contractual agreement or agreements purportedly breached. Moreover, the Complaint fails to allege even basic terms of the alleged contractual agreement(s) or the specific provisions thereof that purportedly were breached. These failures, which effectively place Defendants on no notice of the nature of the breach of Plaintiff's contract at issue, are fatal to the survival of this claim. *See Birtha*, 220 N.C. App. at 296 ("[T]he breach of contract claims were properly dismissed because the allegations failed to provide even general terms of the contract which were necessary to determine whether a breach occurred.").

For these reasons, Plaintiff's breach of contract claim (Count II) should be dismissed.

### 3. Count III—Plaintiff's Negligence Claim Fails Because Plaintiff Alleges No Facts to Support any of the Necessary Elements of the Claim.

A negligence claim requires a plaintiff to show "(1) the defendant owed the plaintiff a duty of reasonable care, (2) the defendant breached that duty, (3) the defendant's breach was an actual

---

in Section A.2 address only Plaintiff's breach of contract claim. The StoneMor Defendants separately address Plaintiff's third-party beneficiary breach of contract claims in Section A.7.

[3] As Carothers has explained in its Motion to Dismiss, a predecessor of Carothers was responsible for operations at York until at least 2007 before a transaction with a StoneMor entity. (*See* Carothers' Memo of Law [Dkt. No. 11-1], pp. 4-5 & Ex. 1 thereto.)

and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages as the result of the defendant's breach." *Gibson v. Ussery*, 196 N.C. App. 140, 143 (2009). Here, Plaintiff fails to allege any facts necessary to plead any of the elements for a cause of action for negligence. While Plaintiff generally references North Carolina's public policy to "preserve the sanctity and sepulcher of grave sites[,]" [Dkt. No. 1-1 (Compl., ¶ 97)], he fails to tie this statement of public policy to any duty owed by the StoneMor Defendants with respect to any specific gravesite. At most, Plaintiff cites to the case of *Mills v. Cemetery Park Corp.*, 242 N.C. 20 (1955), as support for North Carolina's general common law recognition of sepulcher rights. Yet, *Mills* principally stands for the proposition that courts will not order the disinterment of a body suitably buried absent certain limited and compelling circumstances. *Id.* at 26–28 (holding that "[t]he plaintiff has completely failed to allege any compelling reasons to force the individual defendant by injunction to remove the buried body of her deceased husband from the tomb and to force the corporate defendant to disturb the tomb, and restore the Masonic Memorial to its condition before erection of the tomb at its base, and has stated no cause of action against them for those ends.").

As to the remaining elements of a negligence claim, Plaintiff fails to allege any specific facts relative to Plaintiff or any of Plaintiff's decedent family members that would constitute a breach of any duty purportedly owed to Plaintiff or any of Plaintiff's decedent family members by the StoneMor Defendants (or Carothers, recognizing that a Carothers entity was responsible at York until at least sometime in 2007); how such breach was the actual and proximate cause of any injury allegedly suffered by Plaintiff or any of Plaintiff's decedent family members; and what specific harm Plaintiff or any of Plaintiff's decedent family members allegedly suffered as a result of any act or omission by any of the Defendants, including the StoneMor Defendants. Understanding that Plaintiff has included a laundry list of completely generic allegations of

9

conduct at York dating back to 1969 [*see* Dkt. No. 1-1 (Compl. ¶ 34(a)-(xxx))], none of these allegations are specific to Plaintiff or the graves of any of his relatives, much less when any of the conduct at issue occurred and/or by or at the direction of which Defendant. The Complaint thus gives the Defendants no practical notice of the elements of Plaintiff's negligence or other claims.

In sum, the Complaint fails to allege any facts that could possibly support a claim for negligence, and Count III should therefore be dismissed.

> 4. **Count IV—Plaintiff's Claim for Negligent Infliction of Emotional Distress Fails to Identify any Emotional or Mental Harm as a Result of any Purported Conduct by StoneMor Defendants.**

To state a claim for negligent infliction of emotional distress, a plaintiff must show that "(1) defendant engaged in negligent conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) defendant's conduct, in fact, caused plaintiff severe emotional distress." *Hardin*, 221 N.C. App. at 327. As stated in Section A.3. *supra*, Plaintiff fails to identify any negligent conduct that any of the Defendants, including the StoneMor Defendants, allegedly engaged in relative to Plaintiff or his deceased relatives. Additionally, Plaintiff fails to allege that he, as opposed to the putative class members he seeks to represent, has suffered any form of severe emotional distress as a result of any of the Defendants' alleged, but unidentified, negligent conduct. Finally, while Plaintiff pleads in conclusory fashion that putative class members have suffered "severe emotional distress and mental anguish[,]" [Dkt. No. 1-1 (Compl., ¶ 104)], the Complaint is devoid of any allegations that Plaintiff or any putative class member suffered any *emotional or mental disorder*, as required to establish a claim for intentional or negligent infliction of emotional distress. *Hardin*, 221 N.C. App. at 327–28 ("Regarding the third element, our courts have defined severe emotional distress to mean any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type

of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so. Phrased differently, a plaintiff must present evidence of diagnosable mental health conditions.") (internal citations and quotations omitted); *Sanders v. Duke Energy Carolinas, LLC*, No. 3:20-CV-00215-KDB-DSC, 2022 WL 282567, at *3 (W.D.N.C. Jan. 31, 2022) (dismissing negligent infliction of emotional distress claim where plaintiffs' complaint included only "vague allegations including 'mental anguish' and 'other various severe conditions'"); *McKinney v. Cleveland Cnty. Bd. of Educ.*, No. 3:20-CV-221-MOC-DSC, 2020 WL 6803846 (W.D.N.C. Nov. 19, 2020) (same); *Fox-Kirk v. Hannon*, 142 N.C. App. 267, 274 (2001) (affirming denial of defendants' motion for directed verdict as to negligent infliction of emotional distress claim where plaintiff alleged and ultimately presented evidence from her psychiatrist of diagnosable mental health conditions).

Plaintiff has failed to allege that he has suffered any emotional or mental disorder as a result of any purported conduct by the StoneMor Defendants. Count IV should therefore be dismissed.

### 5. Count V—Plaintiff Lacks Standing to Assert a Claim for Trespass to Real Property.

Plaintiff's claim for trespass to real property fails for several reasons. Similar to all of Plaintiff's other causes of action, Plaintiff alleges no facts specific to Plaintiff in support of this claim. Plaintiff instead generally alleges only that: (i) putative class members either own or are the third-party beneficiaries to certain unidentified burial sites at York, and (ii) the Defendants unlawfully entered upon and disturbed certain unidentified burial sites. [Dkt. No. 1-1 (Compl., ¶¶ 107-09).] Plaintiff notably does not allege that he owns or has standing relative to any real property at issue. Thus, Plaintiff's claim for trespass to real property fails for the reasons set forth in the

Carothers' Memo of Law [Dkt. No. 11-1 (Sec. I., p.14)], which arguments the StoneMor Defendants expressly adopt and incorporate herein. Accordingly, Count V should be dismissed.

### 6. Count VI—Plaintiff Fails to Allege Severe Emotional Distress Intentionally Caused by StoneMor Defendants.

To state a claim for intentional infliction of emotional distress, a plaintiff must show that the defendant "(1) engaged in extreme and outrageous conduct, (2) which was intended to cause and did cause (3) severe emotional distress." *Boone v. Kabbani*, No. 1:10-CV-1, 2010 WL 11668201, at *2 (M.D.N.C. Oct. 18, 2010). Count VI fails to state a claim for relief for the same reasons Count IV fails, *supra*, Section A.4. Plaintiff offers nothing more than threadbare and conclusory recitals of the elements of the emotional distress (and other) claims asserted without alleging any factual bases tied to either Plaintiff's alleged harm or any of the Defendants' alleged acts or omissions.

Additionally, a plaintiff cannot sustain a claim for intentional (or negligent) infliction of emotional distress by alleging merely that emotional harm is "severe" without also "identify[ing] a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by" appropriately trained professionals. *Moschos v. Moschos*, 882 S.E.2d 401, 404 (N.C. App. Ct. 2022) (affirming Rule 12 dismissal of intentional infliction of emotional distress claim where plaintiff "fail[ed] to allege sufficient facts concerning the type, manner, or degree of severe emotional distress Plaintiff claims to have experienced"); *Sanders*, 2022 WL 282567, at *3 (dismissing negligent infliction of emotional distress claim because "there is no factual allegation to support the alleged fact of severe emotional harm . . . other than the generalized, conclusory statement that the harm occurred and was reasonably foreseeable."). Moreover, Plaintiff's recital of the claim's elements and vague allegations—as incorporated from Count V—fails to allege that any such "severe" emotional distress was intentionally caused by StoneMor Defendants.

Accordingly, Plaintiff's claim for intentional infliction of emotional distress (Count VI) fails to state a claim and should be dismissed.

### 7. Count VII—Plaintiff Fails to Allege Third-Party Beneficiary Status from any Purported Contract with the StoneMor Defendants.

"To establish a claim based on the third party beneficiary contract doctrine, a complaint's allegations must show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." *Hardin*, 221 N.C. App. at 324. Similar to each of Plaintiff's other causes of action, Plaintiff's allegations supporting Count VII merely recite the elements of the claim in conclusory fashion without providing any factual allegations specific to Plaintiff, including the identity of the original contracting parties, the terms of those contracts, including in relation to any third-party beneficiary status, or how or when such unidentified contracts were allegedly breached. *See Cross*, 438 F. Supp. 3d at 585 (granting motion to dismiss and noting that courts "need not accept for purposes of [a Rule 12 motion] such conclusory statement[s] of the elements of the claim. Rather, plaintiffs must allege facts giving rise to a plausible [claim]" (internal citations omitted)); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.").

Although Plaintiff generally alleges that the contracts "were made to ensure the final resting place and historical legacies of the persons buried for the benefit of their next of kin[,]" [Dkt. No. 1-1 (Compl., ¶ 115)], Plaintiff fails to explain (and there is no basis to understand) how the purported purpose of the contracts was designed to benefit Plaintiff, as opposed to any (and which) of Plaintiff's decedents. Counsel for the StoneMor Defendants are aware of only one instance where a North Carolina court has determined that a plaintiff may pursue a third-party

beneficiary breach of contract claim in relation to a burial contract. In *Hardin*, the plaintiffs asserted third-party beneficiary breach of contract claims based on allegations that the defendants resold two of three burial plots initially purchased by the plaintiffs' mother for her and her family's use. 221 N.C. App. at 319–20. The first plot was used to bury the plaintiffs' father, and the Court determined that "[the mother] intended to occupy the second plot, so the third plot must have been intended for another family member, such as one of [the mother's] children." *Id.* at 324. Here, Plaintiff does not allege that any of the alleged contracts were intended to provide Plaintiff specifically with anything, including a burial plot that could be used as his final resting place. Presumably, if any of the Defendants had issued a contract providing for Plaintiff's specific burial or that gave Plaintiff any specific rights, those facts would have been included in the Complaint. The absence of such facts is conspicuous. Accordingly, Plaintiff fails to allege any facts necessary to support the third element of a third-party beneficiary claim.

Finally, Count VII fails for the same reasons that his breach of contract claim (Count II) fails—namely, the Complaint fails to identify any of the contractual provisions at issue or how such provisions allegedly were breached. *See Birtha*, 220 N.C. App. at 296 ("the breach of contract claims were properly dismissed because the allegations failed to provide even general terms of the contract which were necessary to determine whether a breach occurred. . . . Plaintiffs also contend that the trial court erred in dismissing their claim for breach of contract based on third-party beneficiary. For the same reasons stated above, we overrule Plaintiffs' third party beneficiary claim.").

For each of these reasons, Plaintiff's third-party beneficiary breach of contract claim fails to state a claim upon which relief can be granted, and Count VII should therefore be dismissed.

    **8.**    **Count VIII—Plaintiff's RICO Claim Fails to State a Claim Upon Which Relief Can Be Granted.**

Plaintiff's RICO claim is deficient for all the reasons set forth in the Carothers' Memo of Law [Dkt. No. 11-1 (Sec. D., p. 8)], and the StoneMor Defendants hereby adopt and incorporate the arguments set forth therein in relation to Plaintiff's RICO claim. Accordingly, Count VIII should be dismissed.

> 9. **Count X [sic][4]—Plaintiff is not Entitled to the Equitable Remedy of Specific Performance Since Plaintiff Lacks Standing to Assert a Breach of Contract Claim.**

Plaintiff's claim for specific performance (Count X) likewise fails for numerous reasons. As an initial matter, specific performance is an equitable remedy and not a cause of action. *See Everson v. Honacher*, No. 1:06-CV-00772, 2007 WL 5269431, at *1 (M.D.N.C. June 4, 2007) (granting Rule 12 motion to dismiss action for specific performance; "with respect to Plaintiffs' remaining state law claims for 'perjury,' 'unclean hands,' the 'statute of frauds,' and 'specific performance,' the Court notes that none of these constitute causes of action upon which Plaintiffs' lawsuit may be based."); *Hong v. George Goodyear Co.*, 63 N.C. App. 741, 743 (1983) ("The *equitable remedy* of specific performance compels a party to do that which in good conscience he ought to do without court compulsion. In order to claim a right to specific performance, that party must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform." (internal citations and quotations omitted; emphasis supplied)).

Understanding that specific performance is a remedy only, because Plaintiff's claims for breach of contract (Count II) and breach of third-party beneficiary contract (Count VII) fail for the reasons set forth in Sections A.2. and A.7, *supra*, any claim for specific performance likewise fails

---

[4] There is no Count IX in the Complaint.

as a matter of law. *See Parker v. PNC Bank, Nat. Ass'n*, No. 3:13-CV-300, 2013 WL 6331051, at *4 (W.D.N.C. Dec. 5, 2013) (dismissing claim for specific performance where plaintiff failed to demonstrate that a valid, binding contract existed between the parties; "[b]ecause the Court has determined that there was no such contract, it has nothing to specifically enforce."); *Benjamin v. City of Durham*, 756 S.E.2d 887, 890 (N.C. App. Ct. 2014) ("[W]ithout evidence of the contract and its terms the trial court could not ascertain 'the acts to be performed' or whether 'the performance rendered was in accord' with those terms. Accordingly, the trial court did not err in dismissing plaintiff's claim for specific performance" pursuant to Rule 12(b)(6) motion).

**B.      Plaintiff's Claims Cannot Satisfy the Requirements of Rule 23, and the Putative Class Claims Should Be Dismissed or Stricken, without Leave to Amend.**

The StoneMor Defendants join and incorporate the arguments set forth in the Carothers' Memo of Law in relation to Plaintiff's class claims and allegations. [Dkt. No. 11-1 (Sec. K, pp. 16-25)]. Each of the arguments asserted therein apply equally to the StoneMor Defendants. Plaintiff's claims cannot satisfy Rule 23's requirements, and the putative class claims and allegations should therefore be dismissed or stricken, without leave to amend.

## CONCLUSION

For the reasons set forth and incorporated herein, each of Plaintiff's claims fails to state a claim upon which relief can be granted, and the Complaint should therefore be dismissed. Additionally, Plaintiff has not and cannot satisfy the requirements of Rule 23, and the Court may properly dismiss or strike all class allegations with prejudice and without leave to amend.

Respectfully submitted, this 5th day of May, 2023.

                         PARKER POE ADAMS & BERNSTEIN LLP

                         */s/ Brian S. Cromwell*
                         Brian S. Cromwell
                         N.C. State Bar No. 23488
                         Christopher Henry
                         N.C. State Bar No. 55995
                         620 South Tryon Street, Suite 800
                         Charlotte, North Carolina 28202
                         Telephone: 704.335.9511
                         Facsimile: 704.334.4706
                         briancromwell@parkerpoe.com
                         ARNALL GOLDEN GREGORY LLP

                         */s/ Henry M. Perlowski*
                         Henry M. Perlowski
                         Georgia Bar No. 572393
                         (Pro Hac Vice to be filed)
                         Chesley S. McLeod
                         Georgia Bar No. 627503
                         (Pro Hac Vice to be filed)
                         171 17th Street NW, Suite 2100
                         Atlanta, GA  30363-1031
                         Telephone: 404.873.8500
                         Facsimile: 404.873.8501
                         henry.perlowski@agg.com
                         chesley.mcleod@agg.com

                         ***ATTORNEYS FOR THE STONEMOR DEFENDANTS***

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS** with the Clerk of Court using the CM/ECF system. I further certify that on this day the foregoing **MOTION TO DISMISS COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS** was sent via ECF Electronic Notice to Plaintiff's counsel as follows:

Pamela A. Hunter
715 East 5th Street, Suite 106
Charlotte, North Carolina 28202

N. Clifton Cannon, Jr.
355 South New Hope Road, Suite B
Post Office Box 551154
Gastonia, North Carolina 28055

Kimberly Best
Post Office Box 37154
Charlotte, North Carolina 28237

*Counsel for Plaintiff*

Anthony T. Lathrop
William M. Butler
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Floor 47
Charlotte, NC 28202-4003

Nicholas P. Panayotopoulos
Alexander Heydemann
Jennifer Adler
WEINBERG WHEELER
HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, Suite #2400
Atlanta, GA 30326

*Counsel for Defendant Carothers Holding Company, LLC*

This 5th day of May, 2023

/s/ Brian S. Cromwell

18
Case 3:23-cv-00217-KDB-SCR   Document 17   Filed 05/05/23   Page 18 of 18