UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 23-cv-00217

| | |
|---|---|
| HUBERT SIMPSON, LYNDA MASON, ALLISON MONTGOMERY, PIERRE DAVIS, LAVONNE JONES HAYNES ANDERSON, MARIO BLACK, ANDREA BYERS, BURLIN ALLEN, SR., BURLIN ALLEN, JR., and JACQUELINE W. McCLINTON, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAROTHERS HOLDING COMPANY, LLC, *et al.*,<br><br>Defendants. | STONEMOR DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, IN PART, AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS |

Defendants StoneMor, Inc.[1], StoneMor North Carolina, LLC, StoneMor North Carolina Funeral Services, Inc., StoneMor North Carolina Subsidiary, LLC, and StoneMor Partners, LP (collectively, the "StoneMor Defendants") hereby file their Motion to Dismiss Plaintiff's First Amended Complaint, in Part, and Motion to Strike or Dismiss Class Allegations and, as set forth in their Memorandum of Law in support thereof, move: (i) to dismiss Counts I through IX of Plaintiff's First Amended Verified Complaint ("FAC") in their entirety, with prejudice; (ii) to dismiss Count X with prejudice as against Plaintiffs Simpson, Mason, Montgomery, Anderson,

---

[1] Plaintiffs improperly named Defendant StoneMor, Inc. as StoneMor GP, LLC. StoneMor, Inc. was formerly known as StoneMor GP, LLC.

Allen, Sr., and Allen, Jr.; and (iii) to strike or dismiss all class allegations and putative class claims, with prejudice, on the following grounds:

1. The FAC fails to meet the pleading standard set forth in Rule 8(a)(2) by failing to include plausible facts that, if later proved, could entitle Plaintiffs to relief. Other than Count X, the FAC otherwise fails to state any claim under Rule 12(b)(6) by failing to include specific factual allegations that could entitle Plaintiffs to relief.

2. Plaintiffs fail to allege facts sufficient to support a claim under North Carolina's Unfair and Deceptive Trade Practices Act. Plaintiffs' claims under Count I should therefore be dismissed under Rule 12(b)(6). Plaintiffs' claims also should be dismissed under Rule 9(b) because Plaintiff fails to satisfy Rule 9(b)'s heightened pleading requirements for claims premised on fraud and/or misrepresentations.

3. Plaintiffs also fail to allege sufficient facts to support their claims for breach of contract, negligence, negligent infliction of emotional distress, trespass, breach of third-party beneficiary contract, intentional infliction of emotional distress, RICO, or specific performance that would entitle Plaintiffs to relief. Among other deficiencies, Plaintiffs fail to, among other things, identify the specific contractual agreements at issue, their respective terms, or how such terms were allegedly breached. Plaintiffs further fail to sufficiently identify any particular basis for their contention that they are third-party beneficiaries to any such contracts. Further, Plaintiffs fail to allege any particular mental health condition necessary to assert a valid claim for negligent or intentional infliction of emotional distress. Accordingly, Plaintiffs' claims under Counts II, III, IV, V, VI, VII, and VIII should be dismissed under Rule 12(b)(6).

4. Plaintiffs' claims for specific performance also fail because specific performance is an equitable remedy, not a cause of action. In addition, because Plaintiffs' claims for breach of

contract and breach of third-party contract fail, Plaintiffs' claims for specific performance likewise necessarily fail as there is nothing to enforce. Plaintiffs' claim under Count IX should therefore be dismissed.

5. Plaintiffs Simpson, Mason, Montgomery, Anderson, Allen, Sr., and Allen, Jr.'s claims for wrongful desecration fail because these Plaintiffs fail to sufficiently allege that any of the Defendants engaged in acts of desecration relating to their respective deceased relatives' gravesites.

6. Furthermore, as further outlined in the accompanying memorandum of law, applicable statutes of limitations and statute of repose bar many of the Plaintiffs' causes of action.

7. Plaintiffs' claims do not and cannot meet the prerequisites under Rule 23, including commonality, typicality, adequacy, and numerosity to state a claim for class relief. Because Plaintiffs fail to satisfy the standard established by Rule 23, their putative class claims and allegations should be dismissed or stricken with prejudice without leave to amend.

8. By filing this Motion, the StoneMor Defendants expressly reserve and do not waive any potential defenses under any applicable arbitration agreements, waivers, or limitations of liability that may apply in any applicable contracts at issue in the FAC, which given its generic and overbroad pleading as set forth in this Motion, fails to adequately allege which specific contracts are at issue.

For the reasons set forth and incorporated herein, the StoneMor Defendants respectfully request that this Court grant its Motion to Dismiss and (i) dismiss Counts I through IX in their entirety and with prejudice; (ii) dismiss Count X with prejudice as against Plaintiffs Simpson, Mason, Montgomery, Anderson, Allen, Sr., and Allen, Jr.; and (iii) strike or dismiss all class

allegations and putative class claims, with prejudice; and (iv) grant such further relief this Court deems just and proper.

Respectfully submitted, this 27th day of June, 2023.

PARKER POE ADAMS & BERNSTEIN LLP

*/s/ Brian S. Cromwell*
Brian S. Cromwell
N.C. State Bar No. 23488
Christopher Henry
N.C. State Bar No. 55995
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: 704.335.9511
Facsimile: 704.334.4706
briancromwell@parkerpoe.com
ARNALL GOLDEN GREGORY LLP

*/s/ Henry M. Perlowski*
Henry M. Perlowski
Georgia Bar No. 572393
(Pro Hac Vice to be filed)
Chesley S. McLeod
Georgia Bar No. 627503
(Pro Hac Vice to be filed)
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
Telephone: 404.873.8500
Facsimile: 404.873.8501
henry.perlowski@agg.com
chesley.mcleod@agg.com

***ATTORNEYS FOR THE STONEMOR DEFENDANTS***
