UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 23 – CV -00217-KDB-SCR

HUBERT SIMPSON, LYNDA MASON, )
ALLISON MONTGOMERY, PIERRE DAVIS, )
LAVONNE JONES HAYNES ANDERSON, )
MARIO BLACK, ANDREA BYERS, BURLIN )
ALLEN, SR., BURLIN ALLEN, JR., and )
JACQUELINE W. McCLINTON, individually, )
and on behalf of all others similarly situated, )
)
  Plaintiffs, )
v. )
CAROTHERS HOLDING )
COMPANY, LLC, doing business as York )
Memorial Cemetery, a/k/a York Memorial Park, )
STONEMOR GP, LLC, STONEMOR NORTH )
CAROLINA, LLC, STONEMOR NORTH )
CAROLINA FUNERAL SERVICES, INC., )
STONEMOR NORTH CAROLINA )
SUBSIDUARY, LLC, and STONEMOR )
PARTNERS, LP, )
)
  Defendants. )

## **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE OR FOR LEAVE TO FILE A SUR REPLY**

Plaintiffs Hubert Simpson, Lynda Mason, Allison Montgomery, Pierre Davis, Lavonne Jones Haynes Anderson, Mario Black, Andrea Byers, Burlin Allen, Sr., Burlin Allen, Jr., and Jacqueline W. McClinton (collectively "Plaintiffs") move to strike Defendant Carothers Holding Company, LLC's ("Carothers") new argument with respect to the application of the economic loss rule or for leave to file a brief sur reply to address that issue.

## **ARGUMENT**

A sur reply is an appropriate vehicle for a party to address an argument that another party raises for the first time in a reply brief in support of a motion. Here, Carothers' reply in support of its motion to dismiss (ECF No. 75) raised a new defense with respect to Plaintiffs' negligence,

grave desecration and fiduciary duty claims. Specifically, Carothers asserted that the economic loss rule applies to bar these claims.

There is no dispute that Carothers has never previously raised—in any briefing in this case—an economic loss rule argument. Similarly, there is no dispute that "new arguments cannot be raised in a reply brief." *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013).

As a result, Carothers' economic loss rule argument is improper, and the Court should strike or disregard it. Carothers claims that it raised an economic loss rule argument because Plaintiffs have purportedly disclaimed emotional harm damages in their Memorandum of Law in Opposition to Defendant Carothers Holding Company LLC's Motion To Dismiss. (ECF No. 74.) However, Plaintiffs' memorandum contains no such disclaimer of emotional harm damages and neither does the Second Amended Complaint ("SAC"), which is replete with references to Plaintiffs seeking any and all damages available under the law stemming from the conduct at issue. (*See* SAC ¶¶ 1, 54, 55, 91, 97, 110, 119, 125, 130, 138). Therefore, Carothers' insertion of this new argument was due to a misreading of the Plaintiffs' legal memorandum, and it ignored the allegations in the operative complaint. The fact that Plaintiffs are no longer bringing specific claims for intentional or negligent infliction of emotional distress is not equivalent to Plaintiffs disclaiming damages for emotional harm.

Moreover, even if Carothers had not raised this argument for the first time in its reply, the law is clear that the economic loss rule could never apply in this case, because all of Plaintiffs' claims fall within well-established exceptions to the economic loss rule.

> [T]here are four scenarios when the economic loss rule does not apply under North Carolina law where a contracting party could be liable for negligence:
> (1) The injury, proximately caused by the promisor's negligent act or omission in the performance of his contract, was an injury to the person or property of someone other than the promisee[;] (2) The injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his

contract, was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee[;] (3) The injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his contract, was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper or other bailee[;] (4) The injury so caused was a wilful injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor.

*Hatteras/Cabo Yachts, Ltd. Liab. Co. v. M/Y Epic*, 423 F. Supp. 3d 181, 187-88 (E.D.N.C. 2019) (citing *N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 240 S.E.2d 345, 350-51 (N.C. 1978) (internal citations omitted).

Plaintiffs satisfy multiple of these exceptions, rendering the economic loss rule inapplicable even if Carothers had properly raised it.

Plaintiffs do not seek to burden the Court with additional briefing when the Court has already received multiple submissions from the parties, however, Plaintiffs' counsel is obligated to respond to entirely new legal arguments and advise the Court of their inapplicability to the present case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court either 1) strike or disregard Carothers' new economic loss rule argument; or 2) grant Plaintiffs leave to file a sur reply not to exceed three pages on the limited issue of whether the economic loss rule applies to Plaintiffs' claims.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(b)

Counsel for Plaintiffs hereby certifies that they have conferred with counsel for Defendant Carothers Holding Company, LLC in a good faith effort to resolve the issues raised in this motion. Counsel for Carothers indicated that they would not oppose a brief sur reply if the Court deemed

one appropriate and has the following position: Carothers contends its argument regarding the economic loss rule responded directly to Plaintiffs' indication that their claims and damages are not based on emotional harm, as stated their Memorandum of Law Opposition to Carothers' Motion to Dismiss and Reply in Support of Motion for Class Certification (Plaintiffs' "Opposition/Reply") Dkt. No. 74 at p. 11 and p. 22 n.5). Carothers does not believe Plaintiffs previously have disclaimed all damages and harm based on emotional harm and that Plaintiffs' prior repudiation was limited to their claim for negligent infliction of emotional distress. Carothers contends that it was appropriate for Carothers to address that issue and the impacts on Plaintiffs' claims in Carothers' reply because Plaintiffs raised it for the first time in Plaintiffs' Opposition/Reply, Dkt. No. 74.

Date: March 20, 2024

Respectfully submitted,

Pamela A. Hunter
715 East 5th Street, Ste. 106
Charlotte, North Carolina 28202
Telephone: 704.376.7709
Email: pamelahunterlaw@bellsouth.net

Kimberly Best
Post Office Box 37154
Charlotte, North Carolina 28237

N. Clifton Cannon, Jr.
355 South New Hope Road, Ste. B
Post Office Box 551154
Gastonia, North Carolina 28055
Telephone: 704.867.9070

/s/ Alec H. Schultz
Alec H. Schultz (pro hac vice)
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

      /s/ Alec H. Schultz
      Alec H. Schultz