**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 23 – CV -00217-KDB-SCR**

| | |
|---|---|
| HUBERT SIMPSON, LYNDA MASON, ALLISON MONTGOMERY, PIERRE DAVIS, LAVONNE JONES HAYNES ANDERSON, MARIO BLACK, ANDREA BYERS, BURLIN ALLEN, SR., BURLIN ALLEN, JR., and JACQUELINE W. McCLINTON, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) |
| CAROTHERS HOLDING COMPANY, LLC, doing business as York Memorial Cemetery, a/k/a York Memorial Park, STONEMOR GP, LLC, STONEMOR NORTH CAROLINA, LLC, STONEMOR NORTH CAROLINA FUNERAL SERVICES, INC., STONEMOR NORTH CAROLINA SUBSIDUARY, LLC, and STONEMOR PARTNERS, LP, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' SUR REPLY IN OPPOSITION TO MOTION TO DISMISS

Plaintiffs Hubert Simpson, Lynda Mason, Allison Montgomery, Pierre Davis, Lavonne Jones Haynes Anderson, Mario Black, Andrea Byers, Burlin Allen, Sr., Burlin Allen, Jr., and Jacqueline W. McClinton (collectively "Plaintiffs") respectfully submit this sur reply in further opposition to Defendant Carothers Holding Company, LLC's ("Carothers") motion to dismiss.

## ARGUMENT

The economic loss rule does not apply to bar any of Plaintiffs' claims in this case for two distinct reasons. First, no Plaintiff has disclaimed damages predicated upon emotional harm, which is Carothers' purported justification for invoking the economic loss rule. Second, the economic

1

loss rule could never apply to the facts of this case, as the conduct and injuries at issue fall outside the scope of the rule.

On the first point, Plaintiffs' Second Amended Complaint ("SAC") did not disclaim emotional harm damages, as it is replete with references to Plaintiffs seeking any and all damages available under the law stemming from the conduct at issue. (*See* SAC ¶¶ 1, 54, 55, 91, 97, 110, 119, 125, 130, 138). Therefore, Carothers' insertion of this new argument was due to a misreading of the Plaintiffs' legal memorandum, and it ignored the allegations in the operative complaint. The fact that Plaintiffs are no longer bringing specific ***claims*** for intentional or negligent infliction of emotional distress is not equivalent to Plaintiffs disclaiming damages for emotional harm.[1] Moreover, as Carothers acknowledges, only two of the Plaintiffs herein had a contractual relationship with it, so Defendant cannot apply the rule to bar claims of Plaintiffs who lack a breach of contract claim. Additionally, as this Court has recognized, North Carolina limits application of the economic loss rule to negligence claims. Carothers cannot invoke the rule as to grave desecration or fiduciary duty claims. *See Apex Tool Grp. LLC v. Cyderes, LLC*, No. 3:23-CV-00236-KDB-SCR, 2023 U.S. Dist. LEXIS 203020, at \*11 (W.D.N.C. Nov. 9, 2023) ("North Carolina Court of Appeals has limited the application of the [economic loss rule] to negligence claims.") (Bell, J.). Those claims, as Plaintiffs detailed in their primary opposition (ECF No. 74) spring from duties outside any contractual relationship, specifically the established public policy of North Carolina to protect the sanctity of grave sites. *See id.* at \*17 ("tort action must be grounded on a violation of a duty imposed by operation of law").

On the second point, the economic loss rule cannot apply as a matter of law to any of Plaintiffs' claims, as they all fall within well-established exceptions to the economic loss rule.

---

[1] Plaintiffs note the line in their opposition that Carothers cites (ECF No. 75 at 11-12) expressly refers to "claims" not damage theories.

> [T]here are four scenarios when the economic loss rule does not apply under North Carolina law where a contracting party could be liable for negligence:
> (1) The injury, proximately caused by the promisor's negligent act or omission in the performance of his contract, was an injury to the person or property of someone other than the promisee[;] (2) The injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his contract, was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee[;] (3) The injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his contract, was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper or other bailee[;] (4) The injury so caused was a wilful injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor.

*Hatteras/Cabo Yachts, Ltd. Liab. Co. v. M/Y Epic*, 423 F. Supp. 3d 181, 187-88 (E.D.N.C. 2019) (citing *N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co.*, 240 S.E.2d 345, 350-51 (N.C. 1978) (internal citations omitted).

While multiple of these exceptions are implicated under the claims Plaintiffs have pled, the second (a personal injury) is itself dispositive. Indeed, there can be no more prototypical personal injury than what Plaintiffs allege here. It is somewhat incredible for Carothers to claim, for example, that Plaintiff Montgomery is limited to a breach of contract claim when Defendant cannot locate the body of her child. *See Williams v. AT&T Mobility, LLC*, No. 5:19-cv-475-BO, 2020 U.S. Dist. LEXIS 52899, at *15 (E.D.N.C. Mar. 25, 2020) (rejecting economic loss rule where plaintiff "is seeking to recover for tortious conduct where the harms proliferated to every aspect of his life, well beyond his contractual relationship"); *N.C. Farm Bureau Mut. Ins. Co. v. Strickland's Auto & Truck Repairs*, No. 1:19CV513, 2021 U.S. Dist. LEXIS 30135, at *41 (M.D.N.C. Feb. 18, 2021) (rejecting economic loss rule and noting "second exception [personal injury] is more clearly evident"). Therefore, there is no scenario where the economic loss rule could apply to any of the claims Plaintiffs raise herein.

Date: March 21, 2024

Respectfully submitted,

Pamela A. Hunter
715 East 5th Street, Ste. 106
Charlotte, North Carolina 28202
Telephone: 704.376.7709
Email: pamelahunterlaw@bellsouth.net

Kimberly Best
Post Office Box 37154
Charlotte, North Carolina 28237

N. Clifton Cannon, Jr.
355 South New Hope Road, Ste. B
Post Office Box 551154
Gastonia, North Carolina 28055
Telephone: 704.867.9070

/s/ Alec H. Schultz
Alec H. Schultz (pro hac vice)
HILGERS GRABEN PLLC
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: 305.630.8304
Email: aschultz@hilgersgraben.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

/s/ Alec H. Schultz
Alec H. Schultz (pro hac vice)

5

Case 3:23-cv-00217-KDB-SCR   Document 79   Filed 03/21/24   Page 5 of 5